BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAR 20 1972

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE MOTION PICTURE "STANDARD    )
ACCESSORIES" AND "PRE-VUES"       )    DOCKET NO. 93
ANTITRUST LITIGATION              )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, EDWARD WEINFELD, EDWIN
A. ROBSON*, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND
STANLEY A. WEIGEL, JUDGES OF THE PANEL*

PER CURIAM

Plaintiffs in four treble damage antitrust actions
pending in two separate districts move the Panel for transfer
to a single district for pretrial proceedings pursuant to
28 U.S.C. §1407.  Two plaintiffs, Poster Exchange and Exhibitors
Poster Exchange,[1] are distributors of motion picture advertising
accessories (referred to as "standard accessories") to motion
picture exhibitors.  The third plaintiff, Houck Theatres,
is a motion picture exhibitor.

Poster Exchange and Exhibitors Poster Exchange
allege that the manufacturers of the standard accessories
conspired to deprive them of the opportunity to distribute

---

*    Judge John Minor Wisdom recused himself and did not parti-
cipate in these proceedings.  Although Judge Edwin A. Robson
was not present at the hearing, he has, with the consent of all
parties, participated in this decision.
[1] Exhibitors Poster Exchange has two separate actions against
the same defendants pending in the Eastern District of Louisiana.
The second action, we are informed, was filed in August 1971
and presents factual and legal issues identical to those raised
in the earlier action, except that damages are sought for a
subsequent period.  Because of this identity, this action has
no bearing on our decision and no further reference to it need
be made.

- 2 -

those accessories in violation of Section 2 of the Sherman
Act.  Houck Theatres alleges that these manufacturers have
conspired to monopolize the standard accessory business and
the distribution of short motion picture advertising films
(referred to as "pre-vues"), depriving it and the national
class of motion picture exhibitors it seeks to represent
of competitive prices for these items.

Some knowledge of the procedural posture of
these actions is necessary to an understanding of our
decision.  In the Poster Exchange suit, filed in the Northern
District of Georgia, summary judgment in favor of six of
the seven defendants was recently reversed on appeal and
plaintiff was granted the opportunity to demonstrate, if
it could, the post-1961 acts that substantively support its
antitrust allegations.  Poster Exchange, Inc. v. National
Screen Service Corp., ___ F.2d ___ (5th Cir. Mar. 7, 1972).
In the Exhibitors Poster Exchange action, filed in the Eastern
District of Louisiana, summary judgment obtained by the defen-
dants in the district court was reversed on appeal and the
action was remanded to permit plaintiff to introduce evidence,
if any, of post-1961 antitrust violations.  Exhibitors Poster
Exchange, Inc. v. National Screen Corp., 421 F.2d 1313 (5th
Cir. 1970).  The district judge subsequently denied Exhibitors'
request for a preliminary injunction and reminded plaintiff

- 3 -

that it was relegated to post-1961 activities to prove its
antitrust violations.  In the Houck Theatres action, pending
in the Northern District of Georgia, the court denied
plaintiffs' motion to maintain the action as a class action
and also denied subsequent motions for reconsideration or,
alternatively, for an interlocutory appeal of this ruling.

Counsel representing all plaintiffs move the
Panel to transfer these actions to a single district but,
significantly, has not specified the district most appro-
priate for transfer.  Indeed, it appears that counsel's
motion is not based on factors cognizable under 28 U.S.C.
§1407 but on the prospect that another district judge may
be more favorably disposed to his contentions.  More
specifically, it appears from the papers filed and the
arguments presented at the hearing that Exhibitors Poster
Exchange is dissatisfied with the discovery limitations
imposed on it and that Houck Theatres is dissatisfied with
the rejection of its class action requests.

The Panel is not vested with statutory authority
to review the decisions of district courts, whether they
are transferor or transferee courts.  Cf., In re Plumbing
Fixtures Litigation, 322 F. Supp. 1047 (J.P.M.L. 1971).  We
are only authorized to determine whether transfer of civil
actions to a single district "will be for the convenience

- 4 -

of parties and witnesses and will promote the just and
efficient conduct of such actions."  28 U.S.C. §1407(a).
Nothing in the record before us convinces us that transfer
of these actions would accomplish the objectives of Section
1407.

IT IS THEREFORE ORDERED that the motion for
transfer of the actions listed on the attached Schedule A
be, and hereby is, DENIED.

SCHEDULE A                                           DOCKET NO. 93

### NORTHERN DISTRICT OF GEORGIA

The Poster Exchange, Inc. v. National Screen          Civil Action
Service Corp., et al.                                 No. 12497

Houck Theatres, Inc., et al. v. National              Civil Action
Screen Service Corp., et al.                          No. 12607

### EASTERN DISTRICT OF LOUISIANA

Exhibitors Poster Exchange, Inc. v. National          Civil Action
Screen Service Corp., et al.                          No. 67-1160

Exhibitors Poster Exchange, Inc. v. National          Civil Action
Screen Service Corp., et al.                          No. 71-2222